## SUPREME COURT.

### FREDERICK TAYLOR agt. JOHN B. THOMPSON.

*Corporations — Responsibility of trustees — Their liability to creditors for filing a false return — Sufficiency of complaint in action against trustee.*

Where a creditor of a corporation seeks to charge a trustee personally with a debt, upon the ground that in pursuance of the eighteenth section of chapter 611 of the Laws of 1875 he signed and caused to be filed an annual report which, as the complaint alleged, was false in a material representation — viz., that the whole of the capital stock of $700,000 had been paid in full, when in fact it was issued in exchange for an interest in real property not exceeding $200,000 — it is not necessary to aver that the transaction was a fraudulent cover for a fictitious payment of the stock, or that the trustees had no actual belief in the

Taylor agt. Thompson.

value of the land, or no reasonable ground or basis for such belief, and that the issue of the stock for the land was done with the fraudulent purpose of evading the statute, when it is alleged the defendant knew the report to be false when he signed it.

DEMURRER to complaint.

*Lewis Sanders,* for demurrer.

*Stuart & Boardman,* opposed.

VAN VORST, J. — Portions of the complaint are open to the criticism made by the learned counsel for the defendant. The report, signed by the defendant and the other trustees, is annexed to the complaint and is made a part thereof, and the report must speak for itself as to the payment of the capital stock of the corporation, and how and in what paid.

Some of the allegations of the complaint, in respect to the payment of the capital stock, are conclusions of the pleader rather than a statement of facts, as shown by the report itself; but, still, I am of opinion that the complaint discloses a cause of action.

The corporation of which the defendant was a trustee was organized under chapter 611 of the Laws of 1875, entitled "An act to provide for the organization and regulation of certain business corporations." The plaintiff is a creditor of the corporation, and the defendant is sought to be charged personally with the debt upon the ground that, in pursuance of the eighteenth section of the act in question, he signed and caused to be filed an annual report, which report, as the complaint alleges, "was false in a material representation." The complaint, in substance, limits the falseness of the report to its statements in regard to the payment of the capital stock. The report says that the capital stock of the corporation is $700,000, and that the whole thereof "has been paid in full."

Section 14 of the act in question forbids the issuing of stock, "except for money, labor done or property actually received" for the use and legitimate purposes of the corpora-

tion, "at its fair value." How the stock in question was issued, and whether for money or property, the report is silent. It does, however, state that it "has been paid in full." In the end the complaint alleges that the whole of the capital stock was issued to Henry Y. Attrill in exchange for his interest in certain real property, with the improvements thereon, "and that at the time when said exchange was made" the fair value of the interest of said Attrill in said real property, including his interest in all improvements thereon, did not exceed the sum of $200,000, and that the defendant, "when he signed and verified the report, and caused the same to be filed, knew that the same was false as above stated."

Section 21 of the act in question declares that if any report made by the officers of such corporation shall be false in any material representation, the officers who shall have signed the same shall be jointly and severally liable for all debts of the corporation contracted while they are officers thereof.

A report made by the officers of a corporation, under the law in question, with respect to the capital stock, and whether paid in full, is clearly material, and any false statement in respect thereto would render the person making the same liable to creditors.

By demurring to the complaint the defendant concedes the truthfulness of the allegations of the complaint, that the value of the property for which the stock was issued did not exceed, at the time of the transaction, $200,000. How could he then, in good faith, make and sign an annual report in which it was stated that the capital stock of $700,000 had been paid in full? The mere fact that it turned out after the report was made that the property for which the stock had been issued was not worth the amount at which it had been originally valued and taken, would not expose the defendant to the charge of making and verifying a false statement, or to liability therefor. If he acted honestly and in good faith in making the statement, believing it to be true, that

would exonerate him from liability. *The Lake Superior Iron Company* agt. *Drexel* (90 *N. Y.*, 87), was an action against a stockholder not a trustee. But the complaint alleges that the plaintiff, when he signed and verified the report, "knew that the same was false as above stated." That means that he knew, when he signed the report, that the property, when received, was not in fact worth to exceed $200,000. The liability of the defendant in this action turns upon the question exclusively as to whether he knowingly signed a report which was false in a material representation.

The learned counsel for the defendant insists, however, that the complaint is defective in substance, in that it does not aver that the transaction "was a fraudulent cover for a fictitious payment of the stock," or that "the trustees had no actual belief in the value of the land, or no reasonable ground of basis for such belief," and that the issue of the stock for the land was done "with the fraudulent purpose of evading the statute."

It may very well be that the good faith and honesty of the transaction between the company and Attrill and the trustees who took part in issuing the stock and receiving the land in payment, may constitute a fair and appropriate subject for inquiry on the trial of an issue of fact in this action. But I cannot say that such allegations are necessary in a complaint in an action brought under section 21 of the law in question.

In *Pier* agt. *Hanmore* (86 *N. Y.*, 95, 104, 105), it is said: "Where the report is false in a material point, and plainly proven to have been known so to be to the officer signing it, it can hardly be necessary to prove the purpose for which the misrepresentation was made, or that any particular fraud was intended, as if a trustee should knowingly state that a larger amount of capital had been paid in than had in fact been paid," &c.

As has been already stated, the complaint alleges that the defendant knew the report to be false when he signed it. That is enough to uphold the pleading, and everything else

necessary is implied in the statement. It is clearly enough to put the defendant to his answer on the merits. But, as was said in *Stebbins* agt. *Edmonds* (12 *Gray*, 203), in order to justify a recovery, if the allegation be denied, it must be made to appear on the trial "that it was willfully false, that is, made intentionally with a purpose to deceive, and that the scienter or guilty knowledge must be equivalent to *mala fides* in making the certificate."

The demurrer cannot, therefore, be sustained, but the defendant has leave to withdraw the same and to answer, upon payment of costs.