RUTH TORBETT, Respondent, *v.* SHERBURNE B. EATON, Appellant.

*Liability of a director of a corporation for a false report does not depend upon his good faith — chap.* 611 *of* 1875 — *who are intended by the word "officers" in section 21 thereof.*

In an action, brought by a judgment-creditor of the American Opera Company against the defendant, a director of that corporation, upon the ground that the annual report subscribed by him as director was false in various material repre sentations contained in it, the answer alleged that the defendant had signed the report in good faith, having no knowledge or information that it was in any respect untrue, and that he did not have any reason to believe it to be untrue in any respect, and that he exercised proper care and diligence before he signed the report to ascertain the facts set forth therein and to which it related; to which answer a demurrer was interposed by the plaintiff.

*Held,* that the statute (chap. 611 of the Laws of 1875), under which the opera com pany was incorporated, had not been so framed as to relieve the defendant from liability because he had acted in good faith in signing and making the report.

That the claim that the defendant was not an officer of the corporation, as these persons have been described and referred to in subdivision 7 of section 6 of the act, could not be sustained, as in section 21 the word "officers" appears to have been used in a broader sense so as to include directors of the corporation, as if the directors were not officers within section 21 of the act there would be no officers whom that section would include, inasmuch as the president of the company would be but one officer, and he only, with a majority of the directors, are required to join in and sign the report under section 18 of the act. (Brady, J., dissenting.)

Appeal from an interlocutory judgment sustaining a demurrer interposed to the second defence contained in the defendant's answer.

*Eugene H. Lewis* and *Arthur P. Hodgkins,* for the appellant.

*William W. Bager,* for the respondent.

Daniels, J.:

The plaintiff is a creditor of the American Opera Company (Limited), which was incorporated under chapter 611 of the Laws of 1875. The defendant was a director of the corporation, and as such joined in its annual report made in January, 1887. After the recovery of a judgment in the plaintiff's favor against the corpora tion, and the issuing and return unsatisfied of an execution thereon,

the plaintiff commenced this action against the defendant to recover the amount of her debt from him, because of the alleged fact that the annual report subscribed by him as a director, was false in various material representations contained in it. It is unnecessary to enumerate these representations, for it is not denied that they are sufficient to bring the case within so much of the act under which the company was formed, as relates to and declares the effect of making a materially false report. The plaintiff's claim accrued prior to the time of making and filing the report, and as a director of the company he is personally liable for its payment, if the case presented by the pleadings shall appear to be brought within the language and intent of the statute.

By that part of the answer to which the demurrer was directed, it was alleged that the defendant had signed the report in good faith, having no knowledge or information that it was in any respect untrue, and that he did not have any reason to believe it to be untrue in any respect, and that he exercised proper care and diligence before he signed the report to ascertain the facts set forth and to which it related. The demurrer admits, for the purpose of considering the effect of this part of the answer, the facts therein stated to be true. But the statute has not been so framed as to relieve him from liability, because he may have acted in good faith in signing and making the report. By section 18 of chapter 611 of the Laws of 1875, the corporation was required within twenty days after the first of January, to make a report which should state the amount of capital and the proportion actually paid in, the amount in general terms and nature of its existing assets and debts and the names of its stockholders, and the dividends, if any, declared since the preceding report, and that such report shall be signed " by the president and a majority of the directors, and shall be verified by oath of the president or secretary of such corporation, and filed in the office of the Secretary of State, and if any such corporation shall fail so to do, all the directors thereof shall be jointly and severally liable for all the debts of the corporation then existing, and for all that shall be contracted before such report shall be made." The section then proceeds to provide for the manner in which any director may avoid this liability, by making and filing a report according to his best knowledge, information and belief. As this further part of the

section has no application to the present case, it does not require to be particularly considered.

By section 21 of the same act it has been declared that "if any certificate or report made, or public notice given by an officer of any such corporation shall be false in any material representation, all the officers who have signed the same shall be jointly and severally liable for all the debts of the corporation contracted while they are officers thereof."

The application of this section to the defendant has been denied, and the reason assigned to support that denial is, that he was not an officer of the corporation, as those persons have been described or referred to in subdivision 7 of section 6 of the same act. But, in section 21, the word "officers" appears to have been used in a broader sense than this, so much so as to include directors of the corporation. For a majority of the directors were required to join in and sign the report by section 18 of the act, and it included within such majority only the president of the company as one of its other officers. And if the directors are not held to be officers, within section 21 of the act, then there would be no officers whom it could include, for the president would be no more than one officer of the company, and to meet this designation of officers it is necessary to include with him the directors required, also, to join in making a report. If no liability was to be attached to them, or no personal duty required from them, then there would be no object in directing a majority of the directors to join in the report. But the purpose of the Legislature evidently was, in directing that a majority of the directors should sign the report, that they should look into the affairs of the company and ascertain that the report was well founded and truthfully made, so that it might be relied upon as such by persons having dealings with the company. It was a precaution prescribed by the law upon which its creditors might place a reasonable degree of reliance in their endeavors to discover the financial condition of the company, and if the directors were not to be considered officers of the company, within the meaning of the word afterwards used in the act, it would not have been so employed, but the word "officer" would alone have been used as the appropriate term referring to the president himself, who was required to join with a majority of the directors in making the report.

In the certificates or reports which the act has required, the concurrence of the directors, or a majority of them, has been made necessary. That not only appears from section 18 relating to the annual report, but also from section 37 of the same act directing when the certificate shall be made, stating the payment of the amount of the capital of the company, and the consequence of a failure to make it. And it is these certificates which it was intended to refer to, in section 21 of the act, in which it has been declared that the officers who sign the certificate or report, shall be jointly and severally liable for the debts of the corporation, while they were officers, if it shall contain any material misrepresentation. In a strict sense the directors of a corporation are its officers, and it is in that sense that the legislature appears to have employed the word "officers" in this section of the act.

This section of the act does not limit the liability of the officer for a materially false representation to a case in which it shall be fraudulently or knowingly made. What it has declared is, that the officer shall be liable, who shall sign a report, which shall be false in any material representation. In this respect, the law differs from section 15 of chapter 40 of the Laws of 1848, providing for the formation of manufacturing corporations. For that section, in addition to the requirement that the report shall be false in a material representation, has rendered the further circumstances essential to create the liability of an officer signing it, that it shall have been so signed by him, knowing it to be false; and this continues to be the condition of the law relating to corporations formed under that act. In enacting chapter 611 of the Laws of 1875, this section was evidently in the mind of the legislature. For its language is identical with that of section 21 of the act of 1875, except that in the latter act the words "knowing it to be false" have been omitted. This omission must accordingly be presumed to have been intentional on the part of the legislature, and it appears to follow, from such omission of those words, that the design was to render the officers of corporations, formed under the Laws of 1875, liable for the payment of its debts, when they shall join in making the annual report, or certificate, and it proves to be false in a material representation. The object of the section was to provide for the security of the creditors of the company, and the legislature appears to have con-

sidered it most judicious for the attainment of that end to render the officers liable when a false and material representation shall be made in the report, even though it shall not be fraudulently, or knowingly, so made by the officers signing the report. The language of the act, as well as its striking contrast, in this respect, with the act of 1848, discloses this to have been the intention of the legislature in enacting this part of the law, and the court has no authority to add to it a qualification which the legislature intentionally declined to adopt. But like other statutes it must be construed and carried into effect, according to the reasonable import of the words which have been employed. The effect to be given to the word "false," as it has been used in this section, was considered by the Court of Appeals in *Van Ingen* v. *Whitman* (62 N. Y., 513). In that case the law had provided that if any false statement should be made in the certificate or affidavit, requisite for the formation of a special partnership, all the persons interested in the partnership should be liable for its engagements as general partners. (2 R. S. [6th ed.], 1154, § 8.) And it was in that case held not to have been the intention of the legislature to require that the statement should be knowingly, or fraudulently false, to be attended with this result. But even if the affidavit stated in good faith that the capital had been paid in in cash, when that was not the fact, this statutory liability would arise. (Id., 518, 519.) And as the word was used in the same general connection in the act of 1875, as it had been in this preceding statute, the reasons which the court assigned for giving this construction to it there are directly applicable to this case, and not only justify, but require the same construction here.

The cases which have been relied upon as authorities in support of the appeal are not inconsistent with this construction, for in *Huntington* v. *Attrill* (42 Hun, 459); *Hatch* v. *Attrell* (1 N. Y. St. Rep., 497) and *Taylor* v. *Thompson* (66 How., 102), the facts were alleged that the report or statement was knowingly false, and the court accordingly was not called upon to decide what construction should be placed upon this section of the act of 1875. That was also the form of the statute under which *Stebbins* v. *Edmands* (12 Gray, 203) was decided. *Waters* v. *Quimby* (27 N. J. Law Rep., 297) did proceed, in part, under a similar statutory provision to the one on which the liability of the defendant depends. But it

was not required in the decision then made, that it should appear to create the liability, that the report or certificate was knowingly false or fraudulently made. The case of *Pier* v. *Hanmore* (86 N. Y., 95) arose under the law providing for the formation of manufacturing corporations, and it has no application to the liability of the defendant, and such seems to be the fact as to all the other authorities which have been cited in support of the appeal. *The People* v. *Boas* (29 Hun, 377) was a criminal case, and in all cases of that description, the intent of the party is a material circumstance, and without a criminal intent indictments are not allowed to be supported.

There is not only no authority supporting the construction of the act of 1875, contended for on behalf of the defendant, but the only direct authority having a clear relation to the case by way of analogy, is against the defendant. This supports the language and theory embodied in the law of 1875, and under its provisions this part of the defendant's answer disclosed no defense, for he was liable if he had signed, as a director of the company, a report containing the materially false representations set forth in the complaint.

The judgment should be affirmed, with leave to the defendant to amend or withdraw this part of his answer, on payment of the costs of the demurrer and the costs of the appeal within twenty days.

VAN BRUNT, P. J., concurred.

BRADY, J. (dissenting):

I dissent. The directors who signed the report are not made liable in express terms for any false statement made in it. The statute under which it is sought to make them responsible creates a liability which is penal, and has been so declared, and is to be strictly construed. (*Merchants' Bank* v. *Bliss*, 35 N. Y., 412; *Wiles* v. *Suydam*, 64 id., 173; *Garrison* v. *Howe*, 17 id., 458; *Whitney Arms Co.* v. *Barlow*, 68 id., 34; *Victory Webb Printing Co.* v. *Beecher*, 26 Hun, 48.)

Nothing, therefore, is to be taken by implication. The design of the statute was to punish the officers who signed the report, and whom it must be assumed knew more of the affairs of the corporation than the directors, and whose affirmation is, therefore, regarded as the most important and required by law. Directors are not officers

of these corporations, either in the popular or legal sense of the term by which they are designated, unless made so by the statute creating them.

Judgment affirmed, with leave to the defendant to amend or to withdraw part of his answer on payment of costs of demurrer and of appeal within twenty days.