THOMAS F. METON & SONS, Limited, v. ISHAM WAGON CO.

*(Supreme Court, Special Term, Clinton County. July, 1888.)*

CORPORATIONS—ACTIONS—PLEADING—VERIFICATION.

Code Civil Proc. N. Y. § 525, subd. 1, provides that where the party is a domestic corporation, pleadings must be verified "by an officer thereof," and section 431, subd. 3, provides that service of summons on a domestic corporation may be made on "the president or other head of the corporation, the secretary, or clerk, * * * the cashier, the treasurer, or a director or managing agent." *Held*, that the answer of a defendant domestic corporation, which is verified by one who simply affirms that he is "general manager" thereof, stating nothing in regard to his duties, is defective.

On motion to set aside judgment.

Action by Thomas F. Meton & Sons, Limited, against Isham Wagon Company. Judgment by default for plaintiff, which defendant moves to set aside.

*Reilly V. Conway*, for motion. *J. F. Dobie, contra.*

POTTER, J. This is a motion to set aside a judgment as by default, upon the ground that the answer was not properly verified, and had been returned to defendant's attorneys for that reason. The defendant is a domestic corporation, and the answer was verified by Harry S. Isham, who, in the affidavit of verification, swore that he is the general manager of the defendant, and that the reason of his making the affidavit of verification is that the defendant is a corporation. Neither the sufficiency nor good faith of the original answer, or of the amended answer, and the verification of the latter, is involved in this motion. If the original answer was properly verified, it was served in time, and gave the right to serve an amended answer. Section 525, subd. 1, Code Civil Proc., provides that where the party is a domestic corporation, the verification must be made by an officer thereof. Is the general manager of a domestic corporation an officer thereof? Nothing is stated in the affidavit of the duties which are devolved upon or are performed by the affiant, so that no light is furnished by which the court can see and determine whether they are of an official character. I do not find the word "manager" in any definition or synonym of the word "officer," and I am not aware of any statute or act of incorporation, certainly not in the act under which the defendant is incorporated, which uses the term "manager," nor do I find any provision naming its officers, or providing for the appointment or election of officers of a corporation, which makes use of the word "manager" to designate an officer. The nearest approach to it is to be found in section 431, subd. 3, Code Civil Proc., where it is provided that service may be made upon "the president or other head of the corporation, the secretary or clerk to the corporation, the cashier, the treasurer, or a director, or "managing agent." It is

very plain from this provision that the legislature did not think or assume that the name "manager" of a corporation signified an officer of a corporation; for, after specifying all the names of officers of corporations generally, who might be served with the process to commence an action against a corporation, it further provided that such service might also be made by service, not upon a manager, general or special, but upon a "managing agent." It is not a little significant that section 525 requires that a verification of a pleading shall only be made by an officer of a corporation, while section 431 of the Code provides that an action may be commenced by service upon any of the officers of a corporation, and also upon a managing agent. It requires little or no knowledge or judgment on the part of a managing agent to receive and deliver a summons to a corporation named in the summons as defendant, but it ordinarily requires a good deal to verify a pleading presenting a defense to an action. But if it were reasonable to hold that the term "managing agent" signified an officer of a corporation, the term "general manager" does not signify "managing agent." They are by no means synonymous; no more so than the words "agent" and "manager." If they are synonymous, then it is worse than tautological to apply or add the word "managing" to "agent," and quite as bad as section 431, where the names of all the officers of ordinary corporations are specified, and to them is added "managing agent," would be when the legislature could have said, if "general manager" and "managing agent" meant "officers," that service may be made upon the corporation by delivering the summons to any of its officers. It would seem more reasonable to infer that the legislature was not without a purpose in employing language that indicates different persons in respect to the service of process upon a corporation, and the verification of pleadings by a corporation.

I am aware that there are expressions in some decisions which have been cited in the brief in support of defendant's contention. I have examined those cases, and I do not think they sustain such contention. In the case under consideration, the verification simply states that the affiant is general manager of defendant. He does not state he is an officer, or even a managing agent, of defendant. In the case cited by the defendant, in 33 Hun, 149, (*In re Railroad Co.*,) the affidavit states that the petitioner was a general land agent, and officer of the company. Upon the presentation of the petition thus verified by an officer of the company, the matter was referred by consent, and no question was made in respect to the right of the affiant to verify the petition, or of his being an officer, until after hearing before the referee and the trial at special term. The affidavit, having been made by a person describing himself therein as an officer of the company, gave the court jurisdiction, and proceeding to a trial without any objection was a waiver of any defect in the verification, and any later statements could not divest the court of jurisdiction, even if the affiant, who was in fact the general land agent, in virtue of the authority he was exercising in acquiring the right of way, and the title to land necessary for the use of the corporation, was not an officer. But if it may be inferred that one who was exercising such powers and duties might be an officer of the corporation, yet, in this case, the affiant does not describe himself as an agent of the corporation, or indicate what was the nature or character of the duty or work he was performing for the corporation. The case in 9 Abb. Pr. 104,* (*Glaubensklee* v. *Packet Co.*,) also cited by the defendant, and which apparently seems to support the defendant's contention, when examined, does not sustain it. The action was against a foreign corporation, and was commenced by service of the summons and complaint upon the person who made the verification of the answer to the complaint. The affidavit of verification states those facts, and also states that the affiant was managing agent of the defendant, and had charge of all defendant's business in the United States. The verification in the case cited was that of a foreign corporation, and not, like the case under consideration,

a domestic corporation, and hence was provided for in subdivision 3, and not in subdivision 1, of section 525. An agent, qualified as provided in subdivision 3 of that section, may verify a pleading, setting forth his qualifications in his affidavit, but none but an officer can verify a pleading in behalf of a domestic corporation. The other cases referred to by defendant generally relate to the qualifications of the affiant to be set forth in the affidavit of verification. An examination of them serves to confirm the view that the affidavit of verification in this case was defective in not stating that the affiant was an officer of the defendant, either expressly or by stating the duties he performed, from which it might be inferred that he was an officer of the corporation. Those cases hold, in brief, that when a verification is made by an officer, it is, in legal effect, made by the corporation of which he is an officer, but when made by any other than an officer, whether agent or attorney, the verification must show that all the material allegations of the pleading to be verified are within his personal knowledge. I have not considered the matter upon the merits at all. I doubt whether it would, under the order to show cause upon which this motion is made, be proper to do so. If I were to consider the merits, the result might be more prejudicial to the defendant than a simple denial of the motion upon the insufficiency of the verification. The defendant will thus be left at liberty to make his motion upon the merits, and without prejudice, by this order. Motion denied, with $10 costs of motion.