State ex rel. Matre v. Bergs, 195 Wis. 73.

STATE EX REL. MATRE and another, Appellants, vs. BERGS,
Respondent.

*January 11—February 7, 1928.*

*Corporations: Contract that person be made president: Validity:
General manager as employee: Stockholders' meeting to elect
officers: Who may be elected: Quo warranto: Defenses: Fail-
ure to elect resident officer: Who may raise question.*

1. Whether the right to the office of president of a corporation
   can be acquired and held by contract with the corporation
   (a point not decided), it must be by a clear and express con-
   tract to that effect, and not by doubtful terms or by infer-
   ences. p. 75.
2. Where the right to the presidency of a corporation was based
   upon a contract which appointed the claimant general man-
   ager for a period of ten years, the contract was one of em-
   ployment as general manager, and not a contract to hold
   office in the corporation, since the word "manager" is not
   synonymous with "officer." p. 76.
3. It is not proper for the defendant in a *quo warranto* proceed-
   ing to raise the question as to his right, by contract, to the
   office of president of a corporation from which his ouster is
   demanded, as his only defense is that the relator is not
   entitled to the office. The defendant must, if he has sus-
   tained damages because of a breach of contract of employ-
   ment, seek redress in an appropriate proceeding. p. 76.
4. A meeting called for the purpose of electing directors of the
   corporation under sec. 182.18, Stats., which provides for the
   election of "officers," was properly called, the directors being
   "officers" within the meaning of the statute. pp. 76, 77.
5. Whether the officers elected by the stockholders were all non-
   residents is a matter which concerns the state alone, and
   private parties cannot invoke the statute or enforce the stat-
   utory penalty upon a corporation for failing to have a resi-
   dent officer within the state. p. 77.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

Action of *quo warranto* to try the title of defendant to
the office of president of the Key Safe Manufacturing Com-
pany, a Wisconsin corporation.

Prior to October 1, 1923, Matre & Company, an Illinois corporation located at Chicago, under letters patent held by them, had the defendant, a sole trader at Milwaukee, Wisconsin, manufacture for them the Eucharistic Tabernacle. Safe. Matre & Company became heavily indebted to defendant and it was proposed to form a Wisconsin corporation to secure the funds already owing to defendant and to secure further capital to prosecute the business. Such a corporation was formed and it entered into a number of contracts with the defendant, the relevant part of one of which, dated January 2, 1924, reads:

"Witnesseth, that the party of the first part hereby appoints the party of the second part to be the general manager of the Key Safe Manufacturing Company, as well as the right to manufacture, as the Berg Manufacturing Company, the 'Eucharistic Tabernacle Safe' for a period of ten years from this date."

Defendant was elected president at the first meeting and continued to hold office till the April 1926 meeting, when the relator was elected. The annual meeting was not held on the date provided for, and the meeting at which relator was elected was held pursuant to a call by two stockholders as provided for by sec. 182.18, Stats.

The by-laws of the corporation provide:

"The president shall be the chief executive officer of the corporation; he shall preside at all meetings of the stockholders and directors; he shall have general and active management of the business of the corporation; he shall see that all orders and resolutions of the board are carried into effect; subject, however, to the right of the directors to delegate any specific powers except such as may be by the articles of organization or by statute exclusively conferred upon the president, or to any other officer of the corporation."

The defendant claims he is entitled to hold the office of president (a) because the corporation had contracted that he should hold the office for ten years; (b) because only

nonresidents were elected to office at the April meeting, contrary to sec. 182.03, Stats.; and (c) because under the call provided for by sec. 182.18 directors could not be elected because they are not *officers* of a corporation.

The trial court made findings of fact setting forth at length, but concisely, the various contracts entered into between the defendant and the corporation relative to patents and the general conduct of the business, and reached the conclusion (a) that the April election of relator as president was invalid because only nonresidents of Wisconsin were elected officers; (b) that by reason of contracts entered into between defendant and the corporation and by reason of its by-laws he is entitled to hold the office of president for ten years; and (c) that defendant is still the duly acting and qualified president of the Key Safe Manufacturing Company and as such entitled to its full management and control. From a judgment dismissing plaintiff's complaint this appeal is taken.

For the appellants there was a brief by *Richard J. Hennessey* and *Miller, Mack & Fairchild,* and oral argument by *Bert C. Vandervelde,* all of Milwaukee.

*Charles F. Millmann,* attorney, and *Edgar L. Wood,* of counsel, both of Milwaukee, for the respondent.

VINJE, C. J.    Whether the right to the office of president of a corporation can be acquired and held by virtue of a contract with the corporation is not necessary to decide in this case, for it is obvious that if it can be so acquired it must be by clear and express contract to that effect. It cannot be by doubtful and ambiguous terms or by inference. We have carefully examined the contracts between the parties to this controversy and are unable to find such a contract. They all, except that part of a contract set out above, relate to the formation of a Wisconsin corporation, the sale of patents, the transfer of property, and the sale of manufactured products, etc. Chief reliance is placed by defendant

on that part of the agreement quoted which appoints defendant general manager of the corporation for a period of ten years from its date. We construe this to be a contract of employment in the position of general manager, and not a contract to hold the office of president. Many corporations have both a president and a general manager; the first is an officer of the corporation; the second is, as general manager, only an employee of the corporation. He may be an officer also, but need not be. "The word 'manager' is not synonymous with 'officer,'" the New York court said in *Thomas F. Meton & Sons v. Isham Wagon Co.* 4 N. Y. Supp. 215, where it held that a general manager of a corporation could not verify a pleading when the Code required it to be verified by an "officer" of the corporation.

Much as we sense the desirability if not necessity of defendant's continuance in office in order to adequately protect his investments in the corporation, we are unable to assist him in this case, which involves only the question as to who is entitled to the office of president. If he has sustained damage by reason of a breach of the corporation's agreement to employ him as general manager he must seek redress in an appropriate action. He cannot do so in an action of *quo warranto*. His only defense thereto is to show that the relator is not entitled to the office.

The fact that the April meeting was duly called was found by the trial court and is not contradicted by the parties, except that defendant claims that such a meeting cannot be called for the election of directors because they are not "officers" of the corporation within the meaning of the statute. Sec. 182.18.

The directors of a corporation constitute its managing body and are popularly and technically its officers. The following cases found in 6 Words and Phrases, page 4949, all hold the term "officer of" a corporation as used in the statutes or elsewhere includes a director thereof. *Torbett v. Eaton,* 49 Hun, 209, 1 N. Y. Supp. 614, 616. See, also,

*Brand v. Godwin,* 15 Daly, 456, 460, 8 N. Y. Supp. 339; *Second Manhattan Bldg. Asso. v. Hayes,* 2 Keyes (N. Y.) 192, 193; *Comm. v. Wyman,* 8 Met. (49 Mass.) 247, 253; *Eastham v. York State Tel. Co.* 86 App. Div. 562, 83 N. Y. Supp. 1019; *U. S. v. Means,* 42 Fed. 599. We have not been able to find any to the contrary.

The argument of the defendant is that the latter part of the statute, providing that in case the corporation for a year or more "has failed or neglected to elect all or any of the members of its board of directors, such court shall," etc., shows that directors were not intended to be included in the former part relating to calling meetings to elect officers. But the only officers the stockholders can elect are directors. The statute would be meaningless if it provided for calling stockholders to elect officers, if there were none they could elect. The board of directors must elect the president, secretary, and treasurer, the stockholders cannot; so it is clear that at the April meeting the stockholders properly elected the directors.

Defendant claims that under the by-laws he is entitled to the office of president. It will be seen that the by-laws of the corporation set out above place no duties upon the president that are not usually exercised by such officer or that in any way suggest that the hiring of defendant as general manager was a hiring to perform such duties. The office of president and the position of general manager of a corporation are not inconsistent or antagonistic.

Whether or not all the officers elected were nonresidents is a matter that concerns the state alone and must be tested in an appropriate action. Private parties cannot invoke the statute or enforce the penalty upon a corporation for failing to have a resident officer within the state. Our conclusion is that the relator was duly elected president of the corporation, and is entitled to a judgment of ouster.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter a judgment of ouster.